UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                                      20-CR-29-A

DAVID BURGIN,
DAVID WASHINGTON,
ELEAZAR MARTINEZ MEDINA,
RODNEY PIERCE,
TORRANCE BAILEY,
SHERRON KYE,
DEVANTE NANCE, and
DEVON CLARK,

                Defendants

---

## **PROTECTIVE ORDER**

      As part of discovery in this action, the government intends to provide counsels for the defendants with voluntary discovery materials as is detailed more fully in Attachment A, attached hereto and incorporated herein by reference. Attachment A specifies each item of voluntary discovery subject to this protective order and the defendant(s) to whom the government will disclose each item of discovery. The government has requested a protective order limiting the dissemination of this material because the safety of individuals who provided information to the government may be compromised, as well as to protect the privacy interests of the defendants.

      **NOW**, upon the agreement of the parties, it is hereby

**ORDERED**, that the material set forth in Attachment A shall be used by counsels for the defendants solely in connection with pretrial, trial or other proceedings in this action, including any appeals, and shall not be disclosed[1] to the public; and it is further

**ORDERED,** that the material set forth in Attachment A may be shown to and discussed with the defendants by counsel, but the material shall not be disclosed to the defendants, third parties, or the public absent further order of the Court; and it is further

**ORDERED,** that counsel for the defendants must take reasonable measures to prevent the copying or dissemination of the material set forth in Attachment A while showing and/or discussing the material with defendants, for example, counsel shall ensure that the defendant does not have access to a cellular telephone or any other photographic or video- or audio-recording equipment during such review; and it is further

**ORDERED,** that counsels for the defendants shall not name or otherwise discuss the identity or description of any individual mentioned in Items 1, 5, and 6 as set forth in Attachment A, and it is further

---

[1] "Disclose" (or forms thereof) shall mean to distribute, provide, give copies to a defendant, or otherwise allow copies to be made for a defendant or a third party not covered by this Protective Order, in written form or for copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization in writing would be considered a disclosure of the document itself for the purpose of this Protective Order. "Disclose" shall not include displaying material to a defendant for the purpose of discussion and providing legal counsel.

**ORDERED**, that copies of the material set forth in Attachment A shall not be disclosed to third parties except those persons or entities employed, engaged, or professionally consulted for the purpose of assisting in the defense of this action; and it is further

**ORDERED**, that the unauthorized copying, dissemination, and/or posting of the material, copies of the material, or the contents of the above material in any form whatsoever, on the internet or through any form of social media shall constitute a violation of the terms of this Order; and it is further

**ORDERED**, that defense counsels for the defendants may discuss the general content of the materials set for in Attachment A, and provided to them respectively, with the other defense counsels for defendants named in Superseding Indictment 20-CR-29-A, but shall not disclose or make copies of those materials for other defense counsels, and it is further

**ORDERED**, that except as set forth below nothing in this order shall preclude counsel for the defendants from disclosing the material during the course of the litigation of this action in pretrial proceedings, in memoranda filed, at trial or in post-trial proceedings; and it is further

**ORDERED**, that in the event a defendant moves to suppress evidence obtained by electronic surveillance orders, counsel may refer to the contents of Item 3 in pleadings or documents filed under seal as necessary to the resolution of the motion, but shall not attach

copies of any sealed pleading or document to any publicly filed pleading; and it is further

**ORDERED**, that counsel for the defendants may apply to the Court for an order specifically permitting public disclosure of the material set for in Attachment A; and it is further

**ORDERED**, that at the conclusion of the litigation of this action, including any direct appeal, counsel for the defendant shall return all copies of the above mentioned material to the government immediately upon request of the government; and it is further

**ORDERED**, that in the event the parties agree, the material described in Attachment A may be supplemented to include additional items of discovery to be turned over by the government to the defendants; and that upon written agreement by and between the parties which shall reference this order, any such supplemental discovery material shall be subject to the same terms listed herein without further order of the Court.

DATED: Buffalo, New York, July __29__, 2020.

_____
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge