UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                                              DECISION AND ORDER
v.                                                                              20-CR-29A

DAVID WASHINGTON,

                                Defendant.
_____

       This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1) for the performance of pretrial proceedings. On February 15, 2022, Magistrate Judge Schroeder filed a Report, Recommendation and Order (Dkt. 352) recommending that the Court deny the portion of Defendant Washington's motion to suppress (Dkt. 190) pertaining to evidence seized from a Ford Ranger rental vehicle on February 21, 2020 (*see* Dkt. 190-1, Section G).

       Defendant filed objections to this recommendation (Dkt. 381) on April 8, 2022. The Government filed its response in opposition on May 2, 2022 (Dkt. 390) and Defendant's reply (Dkt. 405) was filed on June 3, 2022. Oral argument on Defendant's objections was held before the Court on June 9, 2022.

       Pursuant to 28 U.S.C. § 636(b)(1), the Court applies a *de novo* standard of review to the portions of a Report and Recommendation to which timely and specific objections have been raised.

       The Court must give appropriate deference to the measured determinations of the Magistrate Judge as to the credibility of the three witnesses, none of whom were

1

Defendant, who testified at this lengthy evidentiary hearing.  *See, e.g.*, *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding"); *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) ("The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings.").

In response to the Court's questioning during oral argument, Defendant clarified that he was seeking an additional evidentiary hearing so that he could examine Special Agent Weis once more.  The Court declines to conduct a second evidentiary hearing on this aspect of Defendant Washington's motion to suppress, as such additional testimony would not further the important interests of justice or judicial economy.  Although Special Agent Weis served as the case agent of this investigation for a period of time, which included the search warrant executions on February 21, 2020, he had little if anything to do with the disputed search of the Ford Ranger.  Defendant's desire to recall this witness to testify on the same issues strikes the Court as nothing more than an attempt to obscure the facts.

Magistrate Judge Schroeder specifically stated in the Report, Recommendation and Order that he "totally disregarded the testimony of Special Agent Weis and his FBI 302 report."  Dkt. 352, pg. 14.  Special Agent Weis drafted his 302 report on March 12, 2021, more than a year after the events he purported to summarize occurred.  *Id*.  Moreover, during his testimony at the evidentiary hearing, Special Agent Weis admitted

that his report contained erroneous information based on assumptions he had made. *Id*.

      Accordingly, upon due consideration of the arguments, the Court adopts the conclusion and the reasoning of the Magistrate Judge as set forth in the Report, Recommendation and Order. Defendant David Washington's motion to suppress (Dkt. 190) is therefore denied in relevant part, consistent with the foregoing. The Court notes that other aspects of Defendant's motion to suppress remain pending before the Magistrate Judge.

      **IT IS SO ORDERED.**

                                      ___*Richard J. Arcara*___
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT COURT

Dated: June 30, 2022