UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                    **DECISION AND ORDER**
v.                          20-CR-29-A

DAVID BURGIN and DAVID WASHINGTON,

                Defendants.

---

Pending before the Court is Defendant David Burgin's motion (Dkt. No. 694), and Defendant David Washington's motion (Dkt. No. 702) to join in Burgin's motion,[1] to disqualify this Court pursuant to 28 U.S.C. § 455(a) from further presiding over the proceedings in this case. The case is currently before the Court to resolve Burgin's objections (Dkt. No. 696) to Magistrate Judge H. Kenneth Schroeder, Jr.'s Report, Recommendation and Order (Dkt. No. 632) and Supplemental Report, Recommendation and Order (Dkt. No. 680); resolve Washington's objections (Dkt. No. 697) to Magistrate Judge Schroeder's Supplemental Report, Recommendation and Order (Dkt. No. 681); and ultimately conduct the trial. The Government has filed response papers (Dkt. No. 701).

Washington's motion to join is GRANTED. For the following reasons, Defendants' joint motion to recuse is DENIED.

---

[1] Defendants Eleazar Martinez Medina, Rodney Pierce, and Torrance Bailey have not moved to join in Burgin's motion.

**DISCUSSION**

Defendants' joint motion to disqualify is based on this Court's hiring of James P. Kennedy, Jr., as a confidential law clerk. Mr. Kennedy held different positions in the United States Attorney's Office for the Western District of New York, including the United States Attorney during the prosecution of this case. Defendants argue Mr. Kennedy's previous role at the United States Attorney's Office and public comments he made at a press conference upon the arrest of Defendants raise an appearance of partiality that cannot be eliminated by screening Mr. Kennedy from this case. Defendants argue no hearing is required to determine the motion in their favor but argue in the alternative (should the Court disagree with their position on recusal) that the Court should conduct a hearing on the extent of Mr. Kennedy's involvement in the prosecution of Defendants.

**I.    Standard of Review**

"Recusal motions based on the … ground of the *appearance of* partiality fall under 28 U.S.C. § 455(a)[.]" *United States v. Peters*, 03-CR-211S(1), 2020 WL 830425, 2020 U.S. Dist. LEXIS 29151, *5 (W.D.N.Y. Feb. 20, 2020) (emphasis in original). Section 455(a) states: "[a]ny … judge… of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The district judge must apply an objective standard, asking "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) (alterations and internal quotation marks omitted); *see Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127

(2d Cir. 2003) ("The determination of whether. . . an appearance [of bias or prejudice] has been created is an objective one based on what a reasonable person knowing all the facts would conclude."). A judge must "tread cautiously, recognizing, on the one hand, the great importance to the judicial institution of avoiding any appearance of partiality, while simultaneously remaining aware of the potential injustices that may arise out of unwarranted disqualification." *In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989).

"Consideration of a motion for recusal is committed to the sound discretion of the district court, and there is a substantial burden on the moving party to show that the judge is not impartial." *Barnes v. Fedele*, 07-CV-6197L, 2013 U.S. Dist. LEXIS 51779, *2 (W.D.N.Y. Apr. 10, 2013) (internal quotation marks and citations omitted).

## II.    Recusal Analysis

Mr. Kennedy began his service as a confidential law clerk to this Court on December 18, 2023. Since that date, Mr. Kennedy has had no involvement or input whatsoever as to this case. He has performed no substantive work to assist the Court with this case, nor has he had any substantive discussions with the Court regarding this case, including any of the issues that will be addressed in the Court's resolution of the parties' objections to Magistrate Judge Schroeder's rulings and recommendations. To the extent that the Court has required the assistance of a law clerk in presiding over the case since the date of Mr. Kennedy's hire, any such assistance has been provided by another one of the Court's law clerks and not by Mr. Kennedy. In short, Mr. Kennedy has been screened from this case and will continue to be screened from this case.

It is well-established that "[i]f a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1311 (10th Cir. 2015) (alteration in original, quoting *Hunt v. Am. Bank & Trust Co.*, 783 F.2d 1011, 1016 (11th Cir. 1986)); *see In re Allied-Signal, Inc.*, 891 F.2d at 971 ("Both bench and bar recognize . . . that judges, not law clerks, make the decisions. [Section 455(a)] itself speaks of 'justices, judges, or magistrates,' not clerks.").

Courts have regularly held that recusal is unwarranted when a conflicted law clerk is isolated from working on the case at issue. *See, e.g., Bartel Dental Books Co. v. Schultz*, 786 F.2d 486, 490 (2d Cir. 1986) ("disqualification has not been required where the [conflicted] clerk is not working on the case"); *Mathis*, 787 F.3d at 1312 (recusal unwarranted where conflicted law clerk did not substantively participate in the case and took no part in "preparing the dispositive order in the case"); *United States v. Ruff*, 472 F.3d 1044, 1045-47 (8th Cir. 2007) (recusal not necessary where a law clerk who formerly prosecuted the case was screened by the judge from the case and was not permitted to work on the case or otherwise discuss it); *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (a district judge's recusal was not required from a criminal case in which her law clerk had previously assisted in the defendant's prosecution while working at the U.S. Attorney's Office and signed the indictment, where the law clerk had been screened from the case with the exception of ministerial duties and the district judge represented that the law clerk "has not and will not have any involvement whatsoever with [her] decisions in [the] case") (internal citation omitted); *Hamid v. Price Waterhouse*, 51 F.3d 1411,

4

1415-16 (9th Cir. 1995) (judge's refusal to recuse herself proper where conflicted law clerk "did not work on the case" *i.e.*, he "gave no advice and did no research"); *compare United States v. Pepper & Potter, Inc.*, 677 F. Supp. 123, 126 (E.D.N.Y. 1988) (a district judge recused himself where he had a criminal case assigned to him that was investigated *when he was a United States Attorney*).

The Court has had previous occasion to rule upon, and reject, Defendants' argument.  *See United States v. Tyrone Pennick*, 17-CR-15-RJA, 2024 WL 1214724, 2024 U.S. Dist. LEXIS 50576 (W.D.N.Y. Mar. 21, 2024).  Defendants try to distinguish *Pennick* by arguing that Mr. Kennedy's involvement in their prosecution may have been more extensive than his involvement in Pennick's prosecution, and that Mr. Kennedy's public commentary on Defendants' case (before he was hired as a law clerk) heightens the appearance of partiality.  "Clearly, a law clerk's views[, however,] cannot be attributed to the judge for whom the clerk works."  *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 968 (5th Cir. 1980).  Furthermore, as mentioned above, the Eighth Circuit has declined to recuse a law clerk who previously prosecuted a defendant in her former employment with the U.S. Attorney's Office.  *See Ruff*, 472 F.3d at 1045-47; *Martinez*, 446 F.3d at 883.

Defendants have failed to meet their "substantial burden" of demonstrating that this Court is "not impartial."  *Barnes*, 2013 U.S. Dist. LEXIS 51779, at *2.

## **CONCLUSION**

For the foregoing reasons, it is ORDERED that Washington's motion (Dkt. No. 702) to join in Burgin's motion (Dkt. No. 694) to disqualify this Court is GRANTED; and it is further

5

6

ORDERED that Defendants' joint motion (Dkt. No. 694) to disqualify is DENIED.

**SO ORDERED.**

          *s/Richard J. Arcara*
          HONORABLE RICHARD J. ARCARA
          UNITED STATES DISTRICT COURT

Dated:  July 25, 2024
         Buffalo, New York