UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                    **DECISION AND ORDER**
            v.                                      20-CR-29-A

DAVID WASHINGTON,

                              Defendant.

        Defendant David Washington is charged in eight counts of a 22-count

Superseding Indictment, with a multi-drug conspiracy spanning around February

2019-April 16, 2020 (Count 1); possession with intent to distribute 5 kilograms or

more of cocaine on or about February 15, 2019-February 19, 2019 (Count 3);

possession with intent to distribute various controlled substances, *i.e.*, fentanyl, 4-

ANPP, cocaine base, cocaine, and heroin, on or about February 20, 2020 (Counts

14-18); and maintaining a drug premises, on or about February 19, 2020 (Count 19).

The case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to

28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.

        Pending before the Court are Defendant's objections (Dkt. No. 697) to

Magistrate Judge Schroeder's Supplemental Report, Recommendation and Order

("SRR&O") (Dkt. No. 681), which recommends denying Defendant's motion to

suppress evidence seized, pursuant to search warrants, from three properties: (1)

69 Bennett Village Terrace, Buffalo, New York ("69 Bennett Village Terrace"); (2)

875 Bailey Avenue, Buffalo, New York ("875 Bailey Avenue"); and (3) 1198 Meadow

Lane, Grand Island, New York ("1198 Meadow Lane"). The SRR&O also recommends denying Defendant's motion to suppress evidence obtained from two cell phones that were seized from 69 Bennett Village Terrace. The Government filed a response in opposition (Dkt. No. 706) to Defendant's objections, and Defendant filed reply papers (Dkt. No. 709). The Court heard oral argument on Defendant's objections. For the reasons stated herein, the Court adopts the SRR&O and denies Defendant's motions to suppress.

## STANDARD OF REVIEW

A district court reviews specific objections to an R&R on a dispositive issue— such as a motion to suppress—*de novo*, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3).

Separately, "when reviewing an issuing judge's probable cause determination based on an affidavit in support of a search warrant, courts generally accord[] substantial deference to the finding of an issuing judicial officer that probable cause exists, limiting [the] inquiry to whether the officer had a substantial basis for his determination." *United States v. Guay*, 464 F. Supp. 3d 507, 513 (W.D.N.Y. 2020) (internal quotation marks and citations omitted); *see United States v. Jones*, 43 F. 4th 94, 109 (2d Cir. 2022) (same); *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993) (same); *United States v. Farhat*, 18-CR-292 (JMA), 18-CR-607 (JMA), 2022 U.S. Dist. LEXIS 60240, *4 (E.D.N.Y. Mar. 31, 2022) ("Once the magistrate judge has issued a warrant, the reviewing court must give substantial deference to the magistrate's probable cause determination…As the Supreme Court has long held, 'after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the

2

form of *de novo* review.'"), quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *United States v. D'Amico*, 734 F. Supp. 2d 321, 359 (S.D.N.Y. 2010) ("A court's review of the sufficiency of an affidavit supporting a search warrant that was issued by a magistrate is not de novo…Instead, '[a] magistrate's determination of probable cause should be paid great deference by reviewing courts.'"), quoting *Gates*, 462 U.S. at 236.

Following review of the RR&O, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Given the extensive litigation involved in this case, the Court assumes the parties' familiarity with the background and procedural history, as well as the issues under review. The Court provides such details only to the extent necessary to explain its reasoning herein.

## I.    Motion to Suppress Evidence Obtained from Three Properties

Magistrate Judge Schroeder held a five-day evidentiary hearing with respect to co-defendant David Burgin and evidence seized by law enforcement on February 19, 2020, from 56 Grimes Street, Buffalo, New York, pursuant to two separate New York State search warrants. Following that hearing, Judge Schroeder issued a lengthy RR&O (Dkt. No. 632) recommending suppression of evidence obtained in executing the two search warrants, finding the searches were illegal and the "good

3

faith" exception in *United States v. Leon*, 468 U.S. 897 (1984) does not apply.[1]  The searches of 69 Bennett Village Terrace and 875 Bailey Avenue occurred on February 21, 2020, and the search of 1198 Meadow Lane occurred on February 23, 2020—so, within days of the search at 56 Grimes Street.  The affidavits submitted to Magistrate Judge Schroeder in support of each of the warrant applications to search 69 Bennett Village Terrace, 875 Bailey Avenue, and 1198 Meadow Lane, referenced the search at 56 Grimes Street and the evidence obtained from that search.[2]

Defendant challenges the validity of the warrants principally on the grounds that (a) the information contained in Special Agent Thomas Weis's affidavit in support of the warrant application for 69 Bennett Village Terrace—and by extension, in support of the warrant applications for 875 Bailey Avenue and 1198 Meadow Lane—was too stale to support a finding of probable cause;[3] and (b) the Weis affidavit improperly omitted information about the search of 56 Grimes Street that, had such information been provided to Judge Schroeder, would have led to a conclusion that there was no probable cause to search those properties.  Like the Magistrate Judge, the Court finds these arguments to be meritless.

---

[1] The Government's objections to the Burgin RR&O remain pending before this Court.

[2] *See* 20-MJ-35-HKS, Dkt. No. 1 (search warrant application for 69 Bennett Village Terrace); 20-MJ-39-HKS, Dkt. No. 1 (search warrant application for 875 Bailey Avenue); and 20-MJ-51-HKS, Dkt. No. 1 (search warrant application for 1198 Meadow Lane).

[3] The search warrant applications with respect to 875 Bailey Avenue and 1198 Meadow Lane each included the 69 Bennett Village Terrace search warrant application as an exhibit and incorporated it by reference.

Preliminarily, the RR&O disposes with the motion to suppress evidence obtained from 1198 Meadow Lane in footnote 2, stating the motion should be denied as moot because "no items of physical evidence were seized" from that property. Defendant raised in his objections his "impression" that the Government did intend to use evidence it obtained from that search.  When pressed at oral argument on this issue, the Government stated that although no physical evidence was seized at 1198 Meadow Lane, it may seek to introduce at trial photographs of expensive items observed during that search.[4]  As such, the motion regarding 1198 Meadow Lane is not moot, and the Court will assess it on the merits.  *See United States v. Roman*, 20-CR-253-2 (VLB), 2022 U.S. Dist. LEXIS 30416, *12 (D. Conn. Feb. 22, 2022) ("The exclusionary rule applies to evidence obtained as a result of an unlawful search....[T]angible physical material actually seized in an illegal search, *items observed* or words overheard in the course of the unlawful activity, or confessions or statements of the accused obtained during an illegal detention, are considered fruits of the poisonous tree and are inadmissible at trial.") (internal quotation marks and citations omitted, emphasis added).  Nevertheless, the parties conceded at oral argument that the Court's decision regarding suppression will necessarily yield the same result with respect to each of the three properties.

_____

[4] The Government's response papers glossed over this point.  Indeed, the Government erroneously stated that the Magistrate Judge found the warrants for all three properties were supported by probable cause.  The Government did mention the photographic evidence in its papers below.  *See* Dkt. No. 657, pp. 10-11 (Gov't Supp Memo in Response to Omnibus Motion) ("No items of physical evidence were seized from…1198 Meadow Lane…; however[,] approximately 21 photographs were taken of the interior of the residence.  Defendant seeks to suppress these photographs.").

Utilizing the same analysis with respect to both the 69 Bennett Village Terrace and 875 Bailey Avenue search warrants, Judge Schroeder concludes that, fundamentally, Defendant is "attempting to vicariously adopt the Fourth Amendment rights of his co-defendant Burgin with regard to the illegal search of 56 Grimes Street, Buffalo, New York on February 19, 2020"; Defendant cannot do this because he lacks legal standing to challenge the search of 56 Grimes Street.

Defendant objects to this analysis, arguing that Agent Weis left out critical details from his affidavit regarding the conduct of law enforcement during the search at 56 Grimes Street, which he was obligated to present to Judge Schroeder in describing that search. Defendant reasons, then, that the three search warrants are invalid and unsupported by probable cause because Judge Schroeder later found the search of 56 Grimes Street was conducted unlawfully—despite Defendant's lack of standing to contest the search of 56 Grimes Street. Defendant relies principally upon *United States v. Reilly*, 76 F.3d 1271, 1281-82 (2d Cir. 1996), *aff'd on reh'g*, 91 F.3d 331 (2d Cir. 1996) (per curiam), in support of his position.

In *Reilly*, the Second Circuit held that "the good-faith exception [established in *United States v. Leon*, 468 U.S. 897 (1984)] did not apply where the affiant knew certain facts that would undermine probable cause yet failed to provide these facts to the magistrate judge." *United States v. Falso*, 544 F.3d 110, 128 (2d Cir. 2008), citing *Reilly*, 76 F.3d at 1280. Specifically, the Second Circuit upheld the district court's finding that the cottage and wooded area searched pursuant to a warrant fell within the defendant's curtilage and thus the search was unconstitutional. *Reilly*, 76 F.3d at 1279-80. In determining the police did not act with objective good faith

pursuant to the warrant and thus the evidence would not be admissible, the Circuit

noted the officers presented only a "bare-bones description" of the defendant's land

in their warrant application, "a description that was almost calculated to mislead." *Id.*

at 1280. Without that additional information about particulars of the defendant's

land, "the issuing judge could not possibly make a valid assessment of the legality of

the warrant that he was asked to issue." *Id.* Moreover, the officers failed to provide

the issuing judge with details of their conduct during a pre-warrant search when

"they knew very well that large parts of their search were potentially illegal[.]" *Id.* at

1281-82. With information about the officers' behavior, the issuing judge could have

decided "whether their conduct was sufficiently illegal and in bad faith as to preclude

a valid warrant." *Id.* at 1280.

*Reilly* is readily distinguishable, as it did not involve omissions pertaining to a

prior search of a third party's or co-defendant's property. Rather, the pre-warrant

search at issue in *Reilly* was conducted of the defendant's own property.

The Court is not persuaded, then, that the information contained in paragraph

35 of the respective affidavits—referencing the search at 56 Grimes Street on

February 19, 2020, and the evidence obtained therefrom—tainted the Weis affidavit.

In any event, Judge Schroeder reviewed the warrant applications after excising

paragraph 35,[5] pursuant to the procedure set forth in *United States v. Canfield*, 212

---

[5] This was apparently done at the suggestion of the Government who argued the
Magistrate Judge should do so in the alternative and "in an exercise designed to give
the defendant every benefit of the doubt[.]" Dkt. No. 706, pp. 4-5; *see* Dkt. No. 657
(Gov't Supp Memo in Response to Omnibus Motion), p. 12.

F.3d 713, 717-18 (2d Cir. 2000); *see also Reilly*, 76 F.3d at 1282 n.2 (when a reviewing court is presented with warrant applications containing tainted evidence, that is, evidence from a prior illegal search, the reviewing court should "excise the tainted evidence and determine whether the remaining, untainted evidence would provide a neutral magistrate with probable cause to issue a warrant").  He found that the search warrants were still supported by probable cause even after removing the "tainted" evidence and not considering it in his probable cause determination.

Defendant argues that upon removing reference to the February 19, 2020, search of 56 Grimes Street, the most recent observations summarized in the Weis affidavit occurred in February 2019, and that information was too stale to support the issuance of the three search warrants approximately one year later.[6]

"Facts of past criminal activity that by themselves are too stale [to establish probable cause] can be sufficient if the affidavit also establishes a pattern of continuing criminal activity so there is reason to believe that the cited activity was probably not a one-time occurrence."  *Wagner*, 989 F.2d at 75.  Indeed, "[i]n investigations of ongoing narcotics operations, [the Second Circuit has] held that intervals of weeks or months between the last described act and the application for a warrant did not necessarily make the information stale."  *Rivera v. United States*, 928 F.2d 592, 602-03 (2d Cir. 1991) (noting precedent had upheld reliance on information "22 days to 18 months old"), citing *United States v. Rowell*, 903 F.2d 899, 903 (2d Cir. 1990) (18-month delay did not make the information stale where it

---

[6] Defendant concedes that the search warrant applications he received from the Government to review were "heavily redacted."

indicated there was an "on-going marijuana distribution operation"); *see United States v. Singh*, 390 F.3d 168, 181-82 (2d Cir. 2004) (lapse of more than 20 months did not render the information stale because it indicated fraudulent activity of an ongoing and long-term nature).

According due deference to Magistrate Judge Schroeder's probable cause finding, and "[i]n view of the continuous nature of the narcotics conspiracy that is charged in the indictment and described in the supporting affidavit" (*United States v. Ortiz*, 143 F.3d 728, 733 (2d Cir. 1998)), the Court rejects Defendant's argument that the showing of probable cause in support of the search of the three properties is impaired by staleness.

Weis's affidavit describes activity that occurred from the summer of 2017 to August 2019, linking Defendant to an ongoing conspiracy involving the large-scale distribution of controlled substances and permitting the inference that there was an ongoing presence of drugs and drug proceeds at 69 Bennett Village Terrace. Viewing the Weis affidavit in its entirety, it contained ample support for Magistrate Judge Schroeder's conclusion that probable cause existed to search 69 Bennett Village Terrace and subsequently, 875 Bailey Avenue and 1198 Meadow Lane. The affidavit contains sufficient facts connecting these premises to Defendant's drug trafficking activity. Additionally, had Judge Schroeder considered the information concerning the search at 56 Grimes Street, that would have provided even greater support for his probable cause finding because that search was conducted within days of the submission of the respective search warrant applications.

Finally, Defendant argues the Magistrate Judge failed to address his alternative ground for suppression of the search warrants, regarding the questionable reliability of confidential informants who supplied information to the affiant of the warrant applications and whether the information they provided was stale.  The argument presented to the Magistrate Judge was both speculative and undeveloped, however (*see* Dkt. No. 650 [Def Supp Memo in Support of Omnibus Motion], pp. 20-22), and Defendant's objection is grounded in the assumption that the remaining information included in the search warrant was too stale to support a probable cause finding.  As such, the Court rejects this objection without the need for any further discussion.

## II.    Motion to Suppress Evidence Obtained from Two Cell Phones

Thirteen cell phones were seized during the search of 69 Bennett Village Terrace on February 21, 2020.  On August 25, 2020, the Government applied for the issuance of warrants to search those cell phones,[7] about six months after the phones were seized and 28 days after the Second Circuit issued its opinion in *United States v. Smith*, 967 F.3d 198 (2d Cir. 2020) on July 28, 2020.  The *Smith* opinion "clarified the standard for determining when a delay in searching a digital storage device after the device had been seized by law enforcement is so long a delay that it violates the Fourth Amendment."  *United States v. Green*, 18-CR-121-A, 2021 U.S. Dist. LEXIS 88983, *2 (W.D.N.Y. May 10, 2021).  The Second Circuit concluded that, as to the first of four factors that are "generally relevant" in deciding

---

[7] *See* 20-MJ-1137-JJM, Dkt. No. 1 (search warrant application).

"whether the police have waited an unreasonable amount of time before seeking a search warrant," a month-long delay is presumptively unreasonable and therefore the 31-day period of delay in *Smith* weighed "substantially" in favor of the defendant. *Smith*, 967 F.3d at 206-07.

Relying upon *Smith*, Defendant moved to suppress the evidence obtained from two of the cell phones seized at 69 Bennett Village Terrace.[8]

Magistrate Judge Schroeder recommends that this Court deny Defendant's motion to suppress without a hearing. The Court hereby adopts Judge Schroeder's reasoning that *Smith* is distinguishable in that the two cell phones have obvious evidentiary value as tools of the drug trade, regardless of their contents, which goes to the third *Smith* factor (whether the defendant had a reduced property interest in the seized item). *Cf. Smith*, 967 F.3d at 209 ("The tablet's evidentiary value turned solely on what the police might find from a search of its contents. And the police could not search its contents unless and until they applied for a search warrant.").

Like Judge Schroeder, the Court does not see the need to conduct a full analysis of all the *Smith* factors. Even if the Court were to find there was a Fourth Amendment violation based upon the approximate six-month delay, the Court concludes the exclusionary rule does not apply. There is no evidence that the affiant of the search warrant application acted deliberately, recklessly, or with gross negligence, and there is no showing of systemic or recurring negligence. *See*

---

[8] As far as the Court knows, the Government was unable to extract information from all phones that were seized. Defendant asserted standing as to only two of the phones (20-MJ-1137-7 & 20-MJ-1137-8).

*Smith*, 967 F.3d at 211-12.  In *Smith*, the Second Circuit held that the exclusionary rule did not apply because "precedent ran both ways" regarding what length of delay was unreasonable when the defendant's electronic device was seized; thus, the Circuit was "not convinced that an objectively reasonable officer would have known that the delay amounted to a violation of the Fourth Amendment."  *Id.* at 212-13 and nn.3-4 (collecting cases), citing *United States v. Howe*, 545 F. App'x 64, 65-66 (2d Cir. 2013) (pre-*Smith* case where 13-month delay was not constitutionally unreasonable, given the facts of the case).

        *Smith* was decided approximately five months after Defendant's two cell phones were seized, and less than one month later, law enforcement submitted the application for the warrants to search the phones to the Magistrate Judge.  In this set of circumstances, the Court does not see how exclusion of this evidence would "result in appreciable deterrence of police misconduct."  *Smith*, 967 F.3d at 211-12; *see United States v. Daskal*, 676 F. Supp. 3d 153, 170 (E.D.N.Y. 2023) ("District courts in this Circuit have interpreted *Smith*, decided in July 2020, as creating notice that an unjustified month-long delay is inexcusable…For delays occurring before this decision, courts have declined to apply the exclusionary rule even where the delay substantially exceeded one month…Today, law enforcement is on clear notice that unjustified delays of one month or greater in obtaining a warrant to search property seized without a warrant will result in exclusion.  At the time of the seizure in question, it was not.") (collecting cases); *United States v. Wells*, 20-CR-633 (NRB), 2023 U.S. Dist. LEXIS 30720, *23 n.6 (S.D.N.Y. Feb. 23, 2023) ("The Court does not dispute that through *Smith* the Second Circuit explicitly put law enforcement on

12

notice that month-long, unjustified delays will no longer be tolerated…At the time of the seizures of the phones, however, such a bright-line rule had not yet been created.  Accordingly, courts have declined to apply the exclusionary rule to delays preceding *Smith*.") (internal quotation marks and citations omitted).

In light of the above case law finding law enforcement was placed on notice when *Smith* was decided on July 28, 2020, the Court rejects Defendant's argument that law enforcement was on notice as of January 7, 2019, when the Second Circuit issued its non-binding summary order remanding *Smith* to the district court for further development of the record on whether the 31-day delay was constitutionally unreasonable.  *See United States v. Smith*, 759 F. App'x 62 (2d Cir. 2019) (summary order).

In passing, Defendant argues that the SRR&O failed to address his argument that there were further grounds for suppression of evidence from the cell phones. As he did before the Magistrate Judge (*see* Dkt. No. 650, pp. 31-32), Defendant now advances a perfunctory objection that provides only one additional "example" of why suppression is warranted: he argues "there is evidence to support" that the initial extraction of data from one of the two cell phones occurred on September 9, 2020, one day after the search warrant pertaining to those devices expired.

Magistrate Judge Jeremiah J. McCarthy issued the search warrant on August 25, 2020, and directed that the warrant be executed on or before September 8, 2020.[9]  Rule 41(e)(2)(A)(i) of the Federal Rules of Criminal Procedure provides that

---

[9] *See* 20-MJ-1137-JJM, Dkt. No. 2.

a search warrant must be executed "within a specified time no longer than 14 days" of approval of the search warrant; "[w]ith regard to electronic storage media or electronically stored information, however, Rule 41(e)(2)(B) provides that the 'time for executing the warrant…refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.'" *United States v. Alston*, 15-CR-435 (CM), 2016 U.S. Dist. LEXIS 63776, *8 (S.D.N.Y. Apr. 29, 2016), citing Fed. R. Crim. P. 41(e)(2)(B), 2009 Advisory Committee Notes; *see United States v. Estime*, 19-CR-711 (NSR), 2020 U.S. Dist. LEXIS 191242, *38-39 (S.D.N.Y. Oct. 14, 2020) ("The majority of courts…agree that, consistent with the language of Fed. R. Crim. P. 41(e)(2)(B) and the advisory committee's notes, the Government does not need to copy the entire storage medium or review the ESI in order to execute a search warrant for ESI…The majority of these courts have also determined that a search warrant for ESI is executed upon the seizure of the physical storage medium, *e.g.*, a cellphone.") (collecting cases).

Even assuming, for sake of argument, that the search warrant was "executed" one day past its expiration date as Defendant claims, Defendant has "made no showing or suggestion of prejudice resulting from the belated execution and no evidence exists that [law enforcement] intentionally disregarded the terms of the warrant." *United States v. Ahmad*, 11-CR-6130L, 2012 U.S. Dist. LEXIS 74325, *24-26 (W.D.N.Y. May 29, 2012) (noting that "failure to comply with the requirements of Rule 41 should result in suppression only where (1) there was prejudice in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate

14

disregard of a provision in the Rule.") (internal quotation marks and citations omitted), *report and recommendation adopted by United States v. Ahmad*, 11-CR-6130L, 2012 U.S. Dist. LEXIS 103003, *5-6 (W.D.N.Y. July 24, 2012); *see United States v. Baker*, 6:21-CR-06042-EAW, 2022 U.S. Dist. LEXIS 6416, *8 (W.D.N.Y. Jan. 12, 2022) ("[W]hat constitutes an appropriate time period for forensic analysis must be considered on a case-by-case [basis]."); *United States v. Cantoni*, 18-CR-562 (ENV), 2019 U.S. Dist. LEXIS 50722, *3 (E.D.N.Y. Mar. 26, 2019) ("Following the initial seizure of electronic media, the government must complete its search within a reasonable time, pursuant to general principles of Fourth Amendment law.").

## **CONCLUSION**

For the foregoing reasons, it is ORDERED that Magistrate Judge Schroeder's SRR&O (Dkt. No. 681) is adopted, aside from the recommendation that the Court conclude Defendant's motion to suppress evidence obtained from 1198 Meadow Lane is moot; and it is further

ORDERED that Defendant's objections (Dkt. No. 697) are rejected, other than his objection to the Magistrate Judge's finding that the motion to suppress evidence obtained from 1198 Meadow Lane is moot; and it is further

ORDERED that Defendant's motion to suppress (Dkt. Nos. 190, 650) evidence seized from 69 Bennett Village Terrace, 875 Bailey Avenue, and 1198 Meadow Lane is denied; and it is further

ORDERED that Defendant's motion to suppress (Dkt. Nos. 190, 650) evidence obtained from two cell phones seized from 69 Bennett Village Terrace is denied; and it is further

ORDERED that time remains excluded from the Speedy Trial Act pursuant to

18 U.S.C. § 3161(h)(6).


**SO ORDERED.**


                                                    _s/Richard J. Arcara_____
                                                    HONORABLE RICHARD J. ARCARA
                                                    UNITED STATES DISTRICT COURT

Dated:   February 24, 2025
            Buffalo, New York